IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANK GILLIS,                          :
                                       :
              Plaintiff,               :
                                       :        Case No. 5:22-cv-00027-TES-CHW
       v.                              :
                                       :
WARDEN TAMARSHE                        :
  SMITH, *et al.*,                     :
                                       :        Proceedings Under 42 U.S.C. §1983
              Defendants.              :        Before the U. S. Magistrate Judge
                                       :

## ORDER

*Pro se* Plaintiff Frank Gillis, an inmate at the Macon State Prison in Oglethorpe,
Georgia, has filed a complaint (ECF No. 1) and an amended complaint (ECF No 5) alleging
claims under 42 U.S.C. § 1983. Plaintiff has also filed a Motion for Help in Obtaining
Account Statement (ECF No. 4) and a Motion for Discovery (ECF No. 7).  Plaintiff's
motion for help in obtaining an account statement (ECF No. 4) is **DENIED** as moot due to
Plaintiff's filing of an account statement in his amended motion to proceed *in forma
pauperis* (ECF No. 6).

Plaintiff's request for discovery is premature.   Nothing in the Federal Rules of Civil
Procedure authorizes the Court to grant Plaintiff's request for the production of evidence
prior to the Court's determination that the Plaintiff has complied with the mandates of the
Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A and that Plaintiff's complaint
contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013).   Plaintiff's present Motion for Discovery (ECF No. 7) is accordingly **DENIED**.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Here, Plaintiff has filed two complaints in which he asserts a rambling collection of allegations about separate events from separate days asserting completely different types of claims against a separate set of defendants. *See* ECF No. 1 at 5-9 and ECF No. 5 at 5-6.   In short, Plaintiff's complaint is a typical "shotgun pleading."

Plaintiff's original complaint (ECF No. 1) and his second complaint (ECF No. 5) are a shotgun pleading because he asserts multiple unrelated claims.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading.   *Id*.   The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate meritorious from unmeritorious claims, which results in a "massive waste of judicial and

2

private resources." *Id*. (citation omitted).   The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002).

Moreover, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.   Fed. R. Civ. P. 20(a)(1)(A)-(B).   "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims.   *Rhodes v. Target Corp*., 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts."   *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

If the Plaintiff wishes to pursue claims about unrelated events, these must be separate actions filed in separate complaints and cannot be consolidated under the above civil action number.

The Court will afford Plaintiff one opportunity to remedy the defects as explained

herein.  *See Duff v. Steub*, <u>378 F. App'x 868, 872</u> (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").  It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure.  *See GJR Invs., Inc. v. Cty. of Escambia*, <u>132 F.3d 1359, 1369</u> (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

If Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form.  The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, <u>483 F.3d 1184, 1219</u> (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, <u>676 F.2d 1356, 1358</u> (11th Cir. 1982).  Thus, Plaintiff's amended complaint will take the place of his original complaint.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action.  It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?   Is he a supervisory official and if so, how was the defendant ***personally*** involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also ***need not use legal terminology or cite any specific statute or case law to state a claim***, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Additionally, Plaintiff is not to include any exhibits or attachments.   ***The complaint must be no longer than a total of ten (10) pages.***

Plaintiff is **ORDERED** to file an amended complaint within fourteen (14) days from the date shown on this Order if he still wishes to pursue a claim. Plaintiff is cautioned that failure to file the amended complaint on time or failure to follow these instructions will result in dismissal of his complaint. Fed. R Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Help in Obtaining Account Statement (ECF No. 4) and Motion for Discovery (ECF No. 7) are each **DENIED**. Furthermore, the Plaintiff is **ORDERED** to amend his complaint as directed on the standard 42 U.S.C. § 1983 complaint form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form to Plaintiff.   There shall be no service in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 17th day of February, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

6