# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **FRANK GILLIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Warden TAMARSHE SMITH,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00027-TES-CHW** |

### ORDER ADOPTING THE UNITED STATES
### MAGISTRATE JUDGE'S RECOMMENDATION

Via his Amended Complaint [Doc. 11], Plaintiff Frank Gillis asserts several claims under 42 U.S.C. § 1983 against Macon State Prison Warden Tamarshe Smith, Dr. Kenneth Cowens, NP Larry Hemsley, Nurse Deborah Tymes, Nurse Maxie, Deputy Warden McKenzie, Unit Manager McKellor, and Counselor Jeffries. [Doc. 11, p. 4]; [Doc. 8, pp. 2–5]; *see also* [Doc. 16, p. 1 n.1].[1] In addition to these claims, Plaintiff alleges that he is in imminent danger because "he has been dealing with gastritis for a year [without] proper medical treatment" and "still cannot receive" the treatment he believes

---

[1] The Court recognizes that Plaintiff, in one of his previous complaints, claims that Defendant Smith failed to report an assault and battery committed on August 21, 2021. *See* [Doc. 5, p. 6]. Given that this allegation was not included in Plaintiff's operative complaint, it was not considered by the Court in determining whether the magistrate judge's Recommendation was to be adopted. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("[T]he original pleading is abandoned by the amendment[,] and it is no longer a part of the pleader's averments against his adversary.").

he needs. Based on that, Plaintiff also moved the Court for preliminary injunctive relief. [Doc. 11, p. 8].

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 16] regarding Plaintiff's claims. In it, the magistrate judge recommends that Plaintiff's due process and conditions of confinement claims proceed for further factual development against Defendant Smith. [Doc. 16, pp. 2, 21–27]. Additionally, however, the magistrate judge recommends that the Court dismiss without prejudice Plaintiff's claims for deliberate indifference to a serious medical need and retaliation against Defendant Smith as well as his claims against Defendants Cowens, Hemsley, Tymes, Maxie, McKenzie, McKellor, and Jeffries. It is also recommended that Plaintiff's request for preliminary injunctive relief be denied. [*Id.* at pp. 5–9].

Plaintiff filed an Objection [Doc. 19] to the magistrate judge's Recommendation; therefore, the Court undertakes a de novo review of the portions of the Recommendation to which he objected. 28 U.S.C. § 636(b)(1)(C). All other portions of the Recommendation are reviewed for clear error. *Id*. at § 636(b)(1)(A).

    A.    **<u>Clear-Error Review</u>**

With respect to the magistrate judge recommending that the Court deny preliminary injunctive relief, Plaintiff made no objection. Upon review of the record and the applicable law, the Court finds no clear error on behalf of the magistrate judge's reasoning to deny Plaintiff's request for preliminary injunctive relief. Therefore, the

Court **ADOPTS** this portion of the United States Magistrate Judge's Recommendation and **MAKES IT THE ORDER OF THE COURT**. Accordingly, as recommended, the Court **DENIES** Plaintiff's Motion for Preliminary Injunctive [Doc. 10].

    B.    <u>De Novo Review</u>

With respect to Plaintiff's claims for deliberate indifference to a serious medical need and retaliation against Defendant Smith as well as his claims asserted against Defendants Cowens, Hemsley, Tymes, Maxie, McKenzie, McKellor, and Jeffries, Plaintiff objected to the magistrate judge's Recommendation. Therefore, the Court is obligated to conduct a de novo review of those portions of the Recommendation. 28 U.S.C. § 636(b)(1)(C).

    1.    **Plaintiff's Eighth Amendment Claims Against Prison Personnel**

First, as to Plaintiff's claim for deliberate indifference to a serious medical need against Defendants Smith, McKenzie, McKellor, and Jeffries, the magistrate judge recommended dismissal because these defendants are prison administrators. Therefore, they "cannot be considered deliberately indifferent to Plaintiff's medical needs when they know him to be under the care and treatment of prison doctors." [Doc. 16, pp. 18–19 (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))]. As the magistrate judge stated, "to the extent Plaintiff alleges [that] Defendants Smith McKenzie, McKellor, and Jeffries failed to intervene in, or somehow change, diagnostic and treatment decisions

made by the medical staff," such an allegation cannot constitute a claim for deliberate indifference. [Doc. 16, p. 19].

Critically, Plaintiff admits that he has been receiving medical treatment for over a year. *See, e.g.*, [Doc. 10, p. 1]. Moreover, there is no allegation that Defendants Smith, McKenzie, McKellor, and Jeffries have any medical training. As such, "[s]upervisory officials are entitled to rely on medical judgements by medical professionals responsible for prisoner care." *Williams v. Limestone Cnty.*, 198 F. App'x 893, 897 (11th Cir. 2006). Again, Defendants Smith, McKenzie, McKellor, and Jeffries are prison administrators; thus, they do not have a legal duty to intervene in medical proceedings when they have no knowledge of a prisoner being deprived of their constitutional rights. *See Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1344 (N.D. Ala. 2015) (first citing *Spruill*, 372 F.3d at 236 ("In the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with Eighth Amendment scienter requirement of deliberate indifference.") and then citing *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1997) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial *of treatment*).

Based on the foregoing, the Court **ADOPTS** this portion of the United States Magistrate Judge's Recommendation over Plaintiff's Objection **AND MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Plaintiff's claim for

deliberate indifference to a serious medical need against Defendants Smith, McKenzie, McKellor, and Jeffries **without prejudice**.[2]

### 2. Plaintiff's Eighth Amendment Claims Against Medical Personnel

Second, the magistrate judge recommended that Plaintiff's claim for deliberate indifference to a serious medical need claim asserted against Defendants Cowens, Hemsley, Tymes, and Maxie be dismissed without prejudice. To state a medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and subjective inquiry.'" [Doc. 16, p. 13 (quoting *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015))]. Presuming that Plaintiff's allegations regarding gastritis met the objective inquiry, the magistrate judge focuses on Plaintiff's belief that "he should have an additional outside diagnostic test" as suggested by "a[n] outside" doctor (who is not a named defendant in this lawsuit). [Doc. 16, p. 15]; [Doc. 19, 2]. Subjectively speaking, despite his acknowledgement that he has received medical treatment for his condition for over a year, the gist of Plaintiff's arguments is that the treatment he's receiving or has received isn't the treatment that he believes is needed.

However, as the magistrate judge discussed, where the dispute is over the adequacy of treatment rendered, courts shouldn't rush to question medical judgment.

---

[2] While the Court adopts the magistrate judge's Recommendation in full with respect to Plaintiff's claims for a deliberate indifference to a serious medical need *as they are currently pled*, it notes that the dismissal is without prejudice. Should Plaintiff seek to reassert claims for deliberate indifference to a serious medical need against Defendants Smith, McKenzie, McKellor, and Jeffries, he must properly seek leave to amend his operative complaint.

5

*See* [Doc. 16, p. 16 (citing cases)]. Therefore, upon review of the magistrate judge's reasoning as to these claims, the Court sees no reason to disregard his Recommendation. Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Recommendation as to Plaintiff's claim for deliberate indifference to a serious medical need asserted against Defendants Cowens, Hemsley, Tymes, and Maxie and **MAKES IT THE ORDER OF THE COURT**. The Court **DISMISSES** Plaintiff's claims for deliberate indifference to a serious medical need asserted against Defendants Cowens, Hemsley, Tymes, and Maxie **without prejudice**.[3]

### 3. Plaintiff's Retaliation Claim

Lastly, as to Plaintiff's retaliation claim against Defendant Smith, the magistrate judge recommended dismissal because Plaintiff's allegations "provide[d] no chronology of events from which retaliation [could] even be inferred" and were "therefore[,] too conclusory" to state a claim. [Doc. 16, p. 21]. In his Amended Complaint, Plaintiff alleges that Defendant Smith placed him in administrative segregation from August 2020 until May 2021 "after learning that [Plaintiff] filed a state[-]tort [lawsuit] against" another prison facility (other than his current place of incarceration at Macon State Prison). [Doc. 11, p. 6]. But, we don't know how much time passed between Plaintiff

---

[3] Again, the Court adopts the magistrate judge's Recommendation in full with respect to Plaintiff's claims for a deliberate indifference to a serious medical need *as they are currently pled*. And again, the Court notes that the dismissal is without prejudice. Should Plaintiff seek to reassert claims for deliberate indifference to a serious medical need against Defendants Cowens, Helmsley, Tymes, and Maxie, he must properly seek leave to amend his operative complaint.

6

filing that state-tort lawsuit and Defendant Smith learning about it, and that is critical to Plaintiff's retaliation claim.

To support his recommendation of dismissal, the magistrate judge stated that Plaintiff failed to "state when [he filed] the lawsuit" against the other prison facility. [Doc. 16, p. 21]. Without rehashing too much of the magistrate judge's analysis, a prisoner, in order to state a retaliation claim, must show a causal relationship between a retaliatory action and protected speech (like filing a lawsuit). [*Id.* at p. 20 (citing *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008))]. While Plaintiff, in his Objection, places some of the relevant events in chronological order, he still nonetheless fails to provide the Court with the date he filed his state-tort lawsuit. Thus, there is no time frame by which the Court can consider whether a causal relationship exists between the protected activity—the filing of the state-tort lawsuit—and the alleged retaliatory action—Defendant Smith placing Plaintiff in administrative segregation on August 13, 2020. *See* [Doc. 19, p. 9 ("Plaintiff was placed in segregation on August 13, 2020[,] by Warden Smith.")].

Simply put, Plaintiff needed to provide the Court with two dates (not just the date he was placed in administrative segregation). Had he done so, the Court might then be able to infer whether Defendant Smith was "subjectively motivated to discipline because" Plaintiff filed a lawsuit against another prison facility. *Mosley*, 532 F.3d at 1278. Without this information, the magistrate judge's recommendation is due to be adopted.

Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Recommendation as to Plaintiff's retaliation claim asserted against Defendant Smith and **MAKES IT THE ORDER OF THE COURT**. The Court **DISMISSES** Plaintiff's retaliation claim against Defendant Smith **without prejudice**.[4]

C.  **Conclusion**

In conclusion, the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 16] and **MAKES IT THE ORDER OF THE COURT**. As recommended, Plaintiff's due process and conditions of confinement claims against Defendant Smith shall proceed for further factual development. [Doc. 16, pp. 21–27]. However, Plaintiff's claims for deliberate indifference to a serious medical need and retaliation against Defendant Smith as well as his claims for deliberate indifference to a serious medical need against Defendants McKenzie, McKellor, Jeffries, Cowens, Hemsley, Tymes, and Maxie are all **DISMISSED without prejudice**. Finally, as stated above, the Court **DENIES** Plaintiff's Motion for Preliminary Injunctive [Doc. 10].

Based on the Court's adoption of the United States Magistrate Judge's Recommendation, Defendants Dr. Kenneth Cowens, NP Larry Hemsley, Nurse

---

[4] Once more, the Court notes that its dismissal of Plaintiff's retaliation claim is without prejudice. Should Plaintiff be able to provide the Court with the date he filed his state-tort lawsuit, so that a determination as to whether a casual relationship exists, Plaintiff must properly seek leave to amend his operative complaint.

9

Deborah Tymes, Nurse Maxie, Deputy Warden McKenzie, Unit Manager McKellor, and Counselor Jeffries may be **TERMINATED** as parties to this action.

    **SO ORDERED**, this 24th day of June, 2022.

                                              S/ Tilman E. Self, III
                                              **TILMAN E. SELF, III, JUDGE**
                                              **UNITED STATES DISTRICT COURT**